**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENERGY & ENVIRONMENT LEGAL INSTITUTE<br>722 12th Street NW, 4th Floor<br>Washington, DC 20005<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>Defendant. | ) | C.A. No. 17- 1739 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal"), for its complaint against Defendant UNITED STATES DEPARTMENT OF STATE (herein "State" or "defendant"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a FOIA request for certain described agency records, specifically copies of any contracts between State and two outside parties, to which request defendant has failed to provide a proper response within the statutory deadlines and therefore has constructively denied.

2) These records are of great public interest and relevance to an ongoing matter of significant public policy importance. Any contracts responsive to this request will explain the relationship between the State Department and an organization known as the

Rhodium Group, and with a private individual, policy activist and CEO of a company dedicated to "support[ing] the policies that most effectively reduce greenhouse gas emissions…[and] work[ing] closely with other experts, NGOs, the media, and the private sector," both of whom State claims are its alter ego for purposes of FOIA.

3) The request, sent on June 9, 2017, sought copies of all contracts between the Department, and certain named individuals and organizations during 2015.

4) State acknowledged plaintiff's request on June 22, 2017 assigning it FOIA control number F-2017-17696, and granted a fee waiver. However State has not provided an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. § 552(a)(6)(A)(i), to provide any records responsive to plaintiff's request, or in any way demonstrate that it is in fact processing plaintiff's request, as is required by law.

5) Defendant's failure to respond has constructively exhausted all of plaintiff's administrative remedies leaving plaintiff no choice but to file this lawsuit to compel State to comply with the law with regard to release of agency records. See *Oglesby v. United Stated Dep't of Army. 920 F.2d 57(D.C. Cir. 1990).*

**PARTIES**

6) Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia with offices in the District of Columbia, and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs

include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

7) Defendant State is a federal agency headquartered in Washington, DC.

**JURISDICTION AND VENUE**

8) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

9) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because defendant State is a federal agency operating in the District of Columbia and a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

**FACTUAL BACKGROUND**

**Plaintiff's FOIA Request**

13) In a June 9, 2017 FOIA request sent to State by confirmed fax transmission, plaintiff requested certain identified records, specifically:

> Please provide us, within twenty working days,[1] copies of all contracts between or including any office or department or other entity of the State Department, and (or which mention as a contractor/subcontractor or contract personnel) 1) Hal Harvey, 2) Energy Innovation, 3) Trevor Houser, and/or 4) Rhodium Group that were *in effect* during 2015.
>
> Contracts in effect in 2015 could be multiple contract for each contractor, depending on an agreement's duration and State's contracting guidelines. Further, this does not limit the request to contracts entered into in 2015. Indeed, at least one of the records responsive to this agreement was entered into in 2014 or earlier. State's contracting guidelines will help guide you toward where responsive records are located.

> In the event any records responsive to this request refers back to another contract, including but not limited to e.g., referring back to a prior contract in order to extend it, then that record referenced should also be considered responsive to this request.

## Defendant's Failure to Substantively Respond

16) State acknowledged the request on June 22, 2017 assigning the request FOIA control number F-2017-17696, and granted a fee waiver.

17) However State has failed to provide and initial determinations of the estimated volume of responsive records to be processed and otherwise manifest its intention to process plaintiff's request, and to provide assurance it was actually processing such request, as required within 20 days by 5 U.S.C.S. § 552(a)(6)(A)(i).

18) Under FOIA State owed plaintiff a substantive initial determination to this request by July 10, 2017.

## LEGAL ARGUMENTS

20) Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide an initial determination with particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

21) State must therefore produce the requested documents as required by law.

## FIRST CLAIM FOR RELIEF

**Duty to Produce Records under the Freedom of Information Act**
**Declaratory Judgment**

22) Plaintiff re-alleges paragraphs 1-21 as if fully set out herein.

23) Plaintiff is entitled to responsive records subject to legitimate withholdings.

24) Plaintiff has no requirement to further pursue its administrative remedies.

25) Plaintiff asks this Court to enter a judgment declaring that:

a. The records requested on June 9, 2017 in FOIA F-2017-17696 are agency records subject to FOIA;

b. State's refusal to provide a substantive response or responsive records is unlawful; and

c. Defendant must release to plaintiff responsive records subject to legitimate withholdings under exceptions to the Freedom of Information Act.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records Under the Freedom of Information Act**
**Injunctive Relief**

26) Plaintiff re-alleges paragraphs 1-25 as if fully set out herein.

27) Plaintiff is entitled to declaratory relief that defendant has failed to provide responsive documents and/or injunctive relief compelling defendant to provide plaintiff documents responsive to its request.

28) Plaintiff asks the Court to enter an injunction ordering the defendant to provide plaintiff documents responsive to its request within 20 business days of the date of the order.

29) Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing

schedule for resolution of remaining issues associated with plaintiffs challenges to defendant's withholdings, if any, and any other remaining issues.

**THIRD CLAIM FOR RELIEF**

**Costs And Fees – Injunctive Relief**

30) Plaintiff re-alleges paragraphs 1-29 as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

36) Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 25th day of August, 2017.

By Counsel:

Chaim Mandelbaum

_______________________________

Chaim Mandelbaum, Esq.
D.D.C. Bar No. VA 86199
Attorney for: ENERGY & ENVIRONMENT LEGAL INSTITUTE
726 N. Nelson St, Suite 9
Phone: (703) 577-9973
chaim12@gmail.com